IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TARIQ BELT, #40945037, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL NO. 3:16-CV-0862-N-BK |
| | § | |
| CHIEF U.S. MARSHAL, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States Magistrate Judge. Plaintiff, a federal inmate incarcerated within the Bureau of Prisons in Ohio, filed a *pro se* civil rights complaint along with motions for leave to proceed *in forma pauperis* and to expedite proceedings. Doc. 3; Doc. 4: Doc. 5. Plaintiff has an extensive filing history, having filed about 20 civil rights cases and 38 habeas/mandamus cases over the past nine years. *See* PACER Case Locator.[1] For the reasons that follow, it is recommended that this case be summarily dismissed as barred by three strikes.

**I. ANALYSIS**

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

Several courts previously found that Plaintiff was barred from filing civil lawsuits by three strikes. *See United States v. Belt,* No. 10-2921, 2011 WL 3236065, at *5 (D. Md. July 26,

---

[1] The PACER Case Locator is available at the following link: https://www.pacer.gov/pcl.html.

2011) (revoking *in forma pauperis* status under 28 U.S.C. § 1915(g) and barring plaintiff from filing further civil suits *in forma pauperis* ); *Belt v. Warden*, No. 11-2537, 2011 WL 4376106, at *1 (D. Md. Sept. 19, 2011) (noting that Plaintiff had accrued at least three strikes under section 1915(g)); *Belt v. Warden*, No. 5:14CV156, 2015 WL 3746550, at *8 n. 8 (N.D.W. Va. June 15, 2015) (collecting cases dismissing on basis of prior three-strikes and history of filing unintelligible pleadings).

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*). In the case *sub judice*, Plaintiff is attempting to sue the Chief U.S. Marshal, the Warden at BOP Elkton, and the DSCC Director, in their personal capacities, for "grave errors" in calculating his sentence, and he seeks monetary damages. Doc. 3 at 2-7. Even when liberally construed, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury. Plaintiff, thus, is barred from proceeding *in forma pauperis* under section 1915(g).

## II. RECOMMENDATION

For the foregoing reasons, it is recommended that Plaintiff's motions to proceed *in forma pauperis* [Doc. 5] and to expedite proceedings and/or for hearing [Doc. 4] be **DENIED,** and that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims

as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $400.00 filing fee.[2]

**SIGNED** April 6, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] A $50 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $400 for a civil action in which the plaintiff has not been granted leave to proceed *in forma pauperis*.